(Decided June 17th, 1896).

---

## CHARLES B. ROGERS, Executor, etc., vs. N. ROGERS BAYLEY, Administrator, et al.

### *Devise and Legacy—Construction of a Will.*

A testatrix, who was entitled to an interest in certain land with a power of sale, executed a will by which she gave her bank stocks and "all other personalty " to her brother F. for life, and upon his death gave the bank stocks and "whatever other personalty may go under this paper to F.," to her niece E. In this will she declared that it was not her intention to make any devise or bequest of the said land. By a codicil to the will the testatrix declared that it was her intention to give to E. upon the death of F. her household furniture and all chattels not disposed of by said will. After the execution of the codicil, testatrix sold her interest in the land and took a promissory note secured by mortgage for the purchase money. This note was paid after her death to her executor. *Held*, that the proceeds of the note did not pass to E., but should be distributed as property not disposed of by the will.

Appeal from a *pro forma* decree of the Circuit Court for Baltimore County upon a bill filed for the construction of the will of Maria Butler, deceased, and the distribution of her estate under the direction of the Court.

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page, Roberts and Boyd, JJ.

*John H. Lowe*, for the appellants.

*Bernard Carter*, for the appellees.

BRYAN, J., delivered the opinion of the Court.

We are required to construe certain clauses in the will of Maria Butler, deceased, and the codicil to it. The clauses in the will are the following: " Item 1. I give, devise and bequeath unto my brother, Frederick Butler, for and during the term of his natural life, my house and lot on Pennsylvania avenue, in the city of Baltimore, my bank stock, city stock, and all other personalty of which I shall die possessed, for him to use and enjoy the rents, interest, issue and profits thereof for and during the term of his natural life."

" Item 3. And at the death of my said brother, Frederick Butler, I give and bequeath my bank stock and city stock to my niece, Eunice R. Bayly, absolutely ; also whatever other personalty that may go under this paper to Frederick Butler from me. It is not my intention in this, my last will, to make any devise or bequest of my undivided moiety in the land mentioned and described in the deed from Aquila P. Giles and wife, to Nathan Rogers, Jr., in trust, dated August 17th, 1858, and recorded among the land records of Baltimore County, in Liber G. H. C., No. 23, folio 204, &c., nor do I in any manner make any disposition herein of said undivided moiety, or any interest I may have in said land mentioned and described in said deed to Nathan Rogers, Jr., in trust."

This is the clause in the codicil: "And, whereas, in item 3 of my said last will, in the sixth and seventh lines from the top of the second page, occur the words, 'also whatever other personalty that may go under this paper to Frederick Butler from me.' And, whereas, I am not sure that the meaning of the words aforesaid is clear. Now, then, I do hereby declare that by said words I intended to give and do hereby give to my niece, Eunice R. Bayly, at the death of said Frederick Butler, my household furniture and all chattels not disposed of by said last will."

Miss Butler had a life estate in an undivided moiety of the land mentioned in the third item of her will, with power to sell and convey the same absolutely or otherwise as she might see fit. About two years after the execution of the codicil she sold her interest in the land and took a note for a portion of the money, secured by a mortgage on the land sold. After her death the note was paid to her executors, who have in their hands for distribution about six thousand dollars of the money received. The question is whether this sum passed to Eunice R. Bayly under the will and codicil. By a *pro forma* decree the Circuit Court for Baltimore County, sitting in equity, determined that it did so pass, and ordered it to be paid to N. Rogers Bayly, her administrator, who is one of the appellees.

It is not at all improbable that the testatrix may have supposed that she had power to dispose by last will and testament of her interest in the land. There can, however, be no mistake about her intention regarding it. She puts on the face of her will a declaration that it is not her purpose to make any devise or bequest of it, nor in any manner to make any disposition of it by the will, or of any interest which she might have in it. She uses words *devise and bequest*, which are applicable to both real and personal property; as if she were uncertain whether her interest was real or personal; or as if she considered it possible that it might at some time in the future be converted into money. This circumstance standing alone would not be entitled to much weight; but it may be considered in connection with the language of other parts of the will. By the first item the testatrix gave to her brother Frederick, for life, a house and lot, her "bank stock, city stock and all other personalty" of which she might die possessed. By the third item she gave at the death of her brother her bank stock and city stock to her niece, Eunice R. Bayly, absolutely, and also whatever other personalty may have gone under the will to Frederick. In her codicil she explains that by giving her niece the personalty she meant that she should

have the household furniture and all chattels not disposed of by the will.   She restricted the ordinary and technical meaning of the word "personalty" and confined it to household furniture and chattels not disposed of by the will.   She was well aware that standing without explanation it would include "bank stock and city stock," because after bequeathing such property the will speaks immediately afterwards of "other personalty."   In order to exclude such description of property she carefully makes the restrictive explanation in her codicil.   She confines its application to very different objects.   She comprehends them all in one class, showing that she meant things of the same general nature.   She calls them "furniture and all chattels not disposed of by her will," already executed.   That is to say, furniture and chattels of the same kind.   She could not have intended to include promissory notes under such a description.   And most certainly (after the statement in the third item of the will) not promissory notes derived from the sale of her landed interest.

We hold that the note mentioned in the *pro forma* decree did not pass under the will, and that it must be distributed as intestate property.   The decree will be reversed and the cause remanded for further proceedings.

*Decree reversed and cause remanded,*
*costs to be paid out of the estate.*

(Decided June 17th, 1896.)